IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON GAZA

    Plaintiff

CIVIL ACTION
FILE NO. :

v.

CELCO, LTD.

    Defendant.

_____/

## COMPLAINT

Plaintiff brings this action against Defendant, on the grounds and the amounts set forth herein.

### I. PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding phone calls and unlawful contact made by Defendant, who was attempting to collect a debt that Plaintiff did not owe.

Plaintiff, an individual and consumer, institutes this action for actual and statutory damages against the defendant and the costs of this action against Defendant, who is a debt collector, for violations of State and Federal law as set forth below.

Plaintiff alleges that Defendant contacted Plaintiff's in a manner that violates 15 U.S.C. 1692 et. seq. and Chapter 559.72(7)of the Florida Statutes, because Defendant continued to contact Plaintiff and said contact on the part of Defendant was also contrary to Plaintiff's cease and desist instructions as Defendant knew that Plaintiff instructed Defendant to stop contacting Plaintiff's.  As far back as August of 2015, Plaintiff informed Defendant that Defendant was not owed any money from Plaintiff. Yet Defendant chose to contact Plaintiff without regard to Plaintiff's lawful rights, with an intent to annoy and harass Plaintiff, even calling Plaintiff's family and Plaintiff's employer and arguing with Plaintiff about the validity of the alleged debt.

Notwithstanding Plaintiff's cease and desist instructions, Defendant chose to contact Plaintiff without regard to Plaintiff's lawful rights, with an intent to annoy and harass Plaintiff, which is forbidden under Chapter 559.72(7) of the Florida Statutes and also 15 U.S.C. Section 1692(d), of the Fair Debt Collection Practices Act, which Congress enacted when it was faced with abundant evidence of the use of abusive and deceptive collection practices by many debt collectors. See, 15 U.S.C. Section 1692. Defendant also failed to provide Plaintiff with the notification required by 15 U.S.C. Section 1692(g).

Both Chapter 559 of the Florida Statutes as well as 15 U.S.C. Section 1692(g) provide consumers with a means of challenging pay off demands by debt collectors and for determining the accuracy of an asserted debt. 15 U.S.C. Section 1692k provides for an aggrieved consumer to recover damages, including statutory damages as well as attorney fees. Plaintiff maintains that Defendant contacted Plaintiff in a manner prohibited by law, as set forth below. Plaintiff reserves the right to amend this claim or bring additional claims if the ultimate facts reveal that Defendant made calls to Plaintiff's cell phone without consent with an automated telephone dialing system or predictive dialer.

## II. PARTIES

1. Plaintiff is a natural person and consumer residing in Hillsborough County, Florida.

2. Defendant is a foreign for profit corporation, accountable under 15 U.S.C. 1692, et. seq. as well as Chapter 559 of the Florida Statutes and Defendant is a debt collector who is governed by both statutes.

3. Defendant, a self described "debt collector", was attempting to collect an alleged but unsubstantiated consumer debt against Plaintiff, which gives rise to this action.

## III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. 1331.

5. Venue is this District is proper in that the Defendant transacts business here and the conduct of underlying the complaint occurred in Pinellas County, Florida, which falls under the jurisdiction of the Tampa Division of the Middle District Court.

## IV. Factual Allegations

6. Plaintiff is a consumer.

7. Defendant is a debt collector.

8. Plaintiff issued cease and desist instructions to Defendant on or about July 2015.

9. Defendant continued to contact Plaintiff in regards to the alleged debt that Plaintiff had disputed.

10. Defendant uses the address Post Office Box 932756, Cleveland, OH 44193.

11. Plaintiff sent a cease and desist instruction to Defendant at Post Office Box 932756, Cleveland, OH 44193 address with appropriate postages and an accurate return address first class mail.

12. Defendant received Plaintiff's above referenced cease and desist communication within 3-5 days of Plaintiff's mailing of the same.

13. Defendant receives mail at Post Office Box 932756, Cleveland, OH 44193 including mail sent via U.S. First Class Mail through the United States Post Office.

14. Defendant sends mail through the United States Post Office.

15. Defendant sends mail through the United States Post Office using First Class Mail.

16. Defendant has communicated to Plaintiff using First Class Mail through the United States Post Office.

17. Defendant uses First Class Mail via the United States Post Office to send notices and letters to consumers, including Plaintiff.

18. Defendant employs more than one employee to retrieve Defendant's incoming mail.

19. Defendant employs more than one employee to sort Defendant's incoming mail.

20. Defendant receives in excess of 100 items of mail each business day (during the two years prior the filing of this lawsuit) via First Class Mail through the United States Post Office.

21. Defendant received in excess of 500 items of mail each business day (during the two years prior the filing of this lawsuit) via First Class Mail through the United States Post Office.

22. Defendant received in excess of 1000 items of mail each business (during the two years prior the filing of this lawsuit) day via First Class Mail through the United States Post Office.

23. Defendant maintains a policy in regards to the handling of incoming mail.

24. Defendant does publish a policy in regards to the handling of Defendant's incoming mail to Defendant's employees.

25. Defendant does not publish instructions to Defendant's employees regarding the handling of incoming mail to Defendant's business.

26. Defendant does publish instructions to Defendant's employees regarding the handling of incoming mail to Defendant's business.

27. Defendant does not own the debt that Defendant was attempting to collect from Plaintiff.

28. Defendant does own the alleged debt that Defendant was attempting to collect from Plaintiff.

29. Defendant informed Plaintiff that Defendant was a debt collector.

30. Defendant did not issue initiating correspondence to Plaintiff giving Plaintiff an opportunity to challenge the validity of the debt that Defendant alleged against Plaintiff.

31. Defendant did issue initiating correspondence to Plaintiff giving Plaintiff an opportunity to challenge the validity of the debt that Defendant alleged against Plaintiff in the two years preceding the filing of this action.

32. Defendant has no factual basis to allege a consumer debt against Plaintiff.

33. Defendant was not entitled to contact Plaintiff after having been notified that Plaintiff did not want Defendant to contact Plaintiff again.

34. Defendant's office addresses each contain computers with internet access.

35. Defendant office in Cleveland OH contains computers with internet access.

36. Defendant maintained computers at each of Defendant's business addresses for the four years preceding this complaint.

37. Defendant uses telephones to contact consumers, including but not limited to Plaintiff.

38. Defendant uses predictive dialers (as defined by the Telephone Consumer Protection Act) to contact consumers via phone, including Plaintiff.

39. Defendant uses automated telephone dialing systems (as defined by the Telephone Consumer Protection Act) to contact consumers via phone.

40. Defendant contacted Plaintiff calling Plaintiff's cell phone.

41. Defendant maintains a paper file regarding Plaintiff and the debt Defendant alleges that Plaintiff owes.

42. Defendant maintains an electronic file regarding Plaintiff and the debt Defendant alleges that Plaintiff owes.

43. Defendant maintains business records.

44. Among Defendant's business records, Defendant has documents, electronic and or paper, that contain Plaintiff's name and address.

45. Defendant is accountable under the Fair Debt Collection Practices Act.

46. Defendant is accountable under Chapter 559.72 of the Florida Statutes.

47. Defendant is not exempt from the Fair Debt Collection Practices Act.

48. Defendant is not exempt from Chapter 559.72 of the Florida Statutes.

49. Defendant conducts interstate commerce in the United States.

50. Defendant maintains call centers in the United States.

51. Defendant publishes no time frame to Defendant's employees for the processing of Defendant's incoming mail.

52. Defendant publishes no time frame to Defendant's employees for opening of Defendant's incoming mail.

53. Defendant's internal policies and procedures do not specify any particular time for opening incoming mail.

54. Defendant does not prioritize certified mail over mail Defendant receives via First Class mail.

55. Defendant does not treat incoming first class mail any different than certified mail that Defendant receives.

56. Defendant does not require consumers to contact Defendant via certified mail.

57. Defendant did not require Plaintiff to contact Defendant via certified mail.

58. Defendant contacted Plaintiff not limited to phone calls to Plaintiff's cell phone and/or via letter without express consent and without providing Plaintiff with a validation letter.

59. Defendant knew that Plaintiff refused to pay the alleged debt as of August 24, 2015. Defendant knew that Plaintiff refused to pay the alleged debt and that Plaintiff did not want any further contact from Defendant in regards to the alleged debt, but Defendant continued contacting Plaintiff in regards to the alleged debt in a manner contrary to law, including 15 U.S.C. Section 1692(d), which prohibits continued contact by a debt collector regarding an alleged debt once the debt collector has been notified that the alleged debtor wants the contact to stop.

### V.

### Count One

### Violations of 15 U.S.C. 1692(g)

60. Plaintiff re-alleged and incorporated paragraphs above set forth above.

61. Defendant alleged a debt(s) against Plaintiff.

62. Defendant contacted Plaintiff in regards to alleged debt(s).

63. Defendant did not advise Plaintiff of his rights in regards to challenging the validity of the alleged debt.

64. Defendant was obligated under 15 U.S.C. 1692(g)(a)&(b) to provide Plaintiff with information regarding the nature of the debt as well as the underlying creditor as well as the amount of the debt.

65. Defendant did not comply with 15 U.S.C. Section 1692(g)(a)&(b) as Defendant did not provide the required notice to Plaintiff, therefore Defendant violated the Fair Debt Collection Practices Act

### VI

### Count Two

### Violations of 15 U.S.C. Section 1692(d)

66. Plaintiff re-alleges and incorporates the paragraphs set forth above.

67. Defendant alleged a debt(s) against Plaintiff.

68. Defendant contacted Plaintiff in regards to alleged debt(s).

69. Defendant was instructed not to contact Plaintiff in regards to the alleged debt(s) on at least October 22, 2014 yet Defendant continued to contact Plaintiff in regards to the alleged debt after having received Plaintiff's cease and desist instruction.

70. Defendant had no lawful right to continue contacting Plaintiff in regards to the alleged debt after Plaintiff instructed Defendant to stop contacting Plaintiff in that regard.

71. By continuing to contact Plaintiff in regards to the debt alleged by Defendant, post cease and desist as referenced above, Defendant violated 15 U.S.C. Section 1692(d) by continuing with the unwanted contact in a manner intended or designed to harass and annoy Plaintiff.

VII.

Count Three

Violations of Chapter 559.72 of the Florida Statutes.

72. Plaintiff re-alleges and re-incorporates paragraphs above.

73. Again, Plaintiff advised Defendant during the course of Defendant's contact with Plaintiff that Plaintiff no longer wanted Defendant to contact him and that Plaintiff did not want to receive any more calls or contact from Defendant as set forth above. Specifically, Plaintiff advised Defendant as far back as August 24, 2015 that Plaintiff no longer wanted Defendant to contact him regarding these alleged debt(s).

74. Defendant willfully ignored Plaintiff's cease and desist instructions which were given to Defendant and Defendant continued to contact Plaintiff (post cease and desist instruction), in disregard of Plaintiff's rights under the law and after Defendant had been asked and otherwise instructed to stop contacting Plaintiff.

75. Defendant's conduct and disregard of Plaintiff's rights and Defendant's decision to continue contacting Plaintiff in regards to alleged debts after being instructed not to do so, constituted an intentional disregard for Plaintiff's rights under Florida law, including Chapter 559.72(7) of the Florida Statutes.

## Prayer for Relief

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

(1)     Statutory damages pursuant to 15 U.S.C. 1692k as well as Chapter 559.77 and Chapter 559.72 of the Florida Statutes;

(2)     Fair and reasonable costs of this action, court costs and attorney's fees, where provided for by law;

(3)     Such other and further relief that the Court deems just and proper.

s/ W. John Gadd<br>
W. John Gadd<br>
FL Bar Number 463061<br>
Bank of America Building<br>
2727 Ulmerton Road-Suite 250<br>
Clearwater, FL 33762<br>
Tel- (727) 524-6300<br>
Email- wjg@mazgadd.com